SILVERMAN, Circuit Judge,
concurring in part and dissenting in part:
I agree with the majority that the Tax Court was within its discretion in finding that the unpaid promissory notes and the unreimbursed lease payments were not proven to be deductible. Although other judges might have come to a contrary conclusion, the court’s ruling was supported by adequate evidence and reflected a correct understanding of the law.
The same cannot be said of the Tax Court’s treatment of the unreimbursed business expenses charged to Ramig’s credit card. Ramig’s key evidence on this point was his written employment agreement that authorized him to incur expenses for the company up to a certain amount. Pursuant to this agreement, he expected to be reimbursed. The Tax Court did not even mention this provision *759 of the agreement, much less analyze its effect. For this reason, the Tax Court’s ruling regarding the credit card charges is not entitled to deference. As I see it, both the explicit terms of the agreement as well as ordinary business practice compel the conclusion that Ramig expected and was contractually entitled to reimbursement of business expenses he charged to his personal credit card on behalf of the company. Because these charges were never reimbursed, Ramig properly deducted them as bad debts.
I therefore respectfully concur in part and dissent in part.